# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LAVEAL MCGHEE, #37135**                                                     **PETITIONER**

**v.**                                                                  **No. 4:04CV367-D-B**

**DONALD CABANA, ET AL.**                                                    **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the December 1, 2004, *pro se* petition of Laveal McGhee for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner argues that the state has computed the date upon which he becomes eligible for parole incorrectly. The state moved to dismiss the petition has untimely filed under 28 U.S.C. § 2244(d) on May 10, 2005. The petitioner responded May 26, 2005. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed and for failure to state a claim upon which relief could be granted.

### Facts and Procedural Posture

The petitioner pled guilty to one count of murder, one count of kidnapping, and one count of rape in the First Judicial District of Hinds County,[1] Mississippi, on December 3, *1980*. He was initially sentenced to three consecutive life terms in the custody of the Mississippi Department of Corrections; however, on April 28, *1982*, the Yazoo County Circuit Court entered a *nunc pro tunc* order for both the kidnapping and the rape charge – effectively changing the sentences from life in each count to thirty years (for kidnapping) and thirty-nine years (for rape).

---

[1] The petitioner was indicted in Yazoo County, Mississippi, and initially pled not guilty to all charges. Venue was later changed to Hinds County, where the petitioner changed his plea to guilty.

The petitioner never challenged these sentences – and does not do so now.

The petitioner completed all three steps of the Administrative Remedy Program grievance process, was denied relief, and was issued a certificate to seek judicial review. He then filed appealed to the Circuit Court of Sunflower County. On October 18, 2002, the circuit court found that the Mississippi Department of Corrections had correctly computed the petitioner's parole eligibility date. The petitioner appealed this decision to the Mississippi Court of Appeals, and on March 23, 2004, that court affirmed the lower court's decision. *McGhee v. State of Mississippi*, Cause No. 2002-CP-01891-COA.

## The Petitioner's Claim

In the instant petition the petitioner claims that the state has miscalculated his parole eligibility date. The petitioner argues that he should have been eligible for parole after serving twenty years of his sentence, rather than after thirty years as calculated by the Mississippi Department of Corrections. The petitioner bases this claim on his interpretation of MISS. CODE ANN. §§ 47-7-3 and 47-5-139, which set forth the rules regarding parole eligibility. The essence of the petitioner's claim is that his parole eligibility date should be computed using ten years for the life sentence – and ten years by aggregating the thirty and thirty-nine year sentences into one sixty-nine year sentence. The Mississippi Court of Appeals discussed and rejected this argument in its March 23, 2004, opinion.

## State's Decision Regarding Eligibility for Parole
## Does Not State a Claim Under 28 U.S.C. § 2254

The state has argued that the instant petition is untimely filed – the petitioner that it is timely. The court indeed finds the petition to be untimely for the reasons set forth in the state's

2

motion to dismiss, and the petition shall be dismissed for that reason.

In addition, the court finds that the petitioner's claims fail on the merits. The petitioner challenges the determination by Mississippi Department of Corrections officials that he will not be eligible for parole until he has served thirty years – ten years for each of his three consecutive sentences. Different rules apply to the various actions a state may take regarding parole. The actions of a given corrections department fall on a continuum of degrees of liberty at stake against a backdrop of the type of parole statute adopted by the state of incarceration. In Mississippi, the parole statute does not create a liberty interest giving rise to due process protection because the parole board ("Board") has total discretion to grant or deny parole. *Irving v. Thigpen,* 732 F.2d 1215, 1217- 18 (5th Cir.1984). Thus, a Mississippi state prisoner is not entitled to a hearing to determine whether the Board will grant parole. *Id.*

Against this backdrop, the actions of the Board form a continuum of increasing liberty interests. First is a prisoner (such as the petitioner here) not yet eligible for parole. Such a prisoner has *no* liberty interest in parole as he has no expectation of liberty. Next, a prisoner who may be eligible for parole, but who has not yet received it, holds the smallest liberty interest, "no more substantial than the inmate's hope . . . a hope which is not protected by due process." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 9, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979). Third, a prisoner who has been granted parole, but who has not yet been released, holds a slightly more substantial liberty interest. In that case, the prisoner clearly has more than mere hope of parole; he has a parole board decision to release him. Release on parole is far more certain after such a decision. However, despite the expectation of freedom inherent in the parole board's decision to release, such an expectation does not give rise
3

to a liberty interest protected by due process. *Jago v. Van Curen,* 454 U.S. 14, 20-21, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981). Finally, a prisoner who has been granted parole and is currently living in the community has a liberty interest protected by due process, although not the full panoply of protections enjoyed by free citizens. *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

Under a statutory framework like Mississippi's, giving the parole board unfettered discretion in granting parole, the prisoner has no liberty interest at stake in a *possible* grant of parole. *Irving* 732 F.2d at 1217-18 (5th Cir.1984). On the other hand, once parole has been granted and the parolee has been released, "there is a human difference between losing what one has and not getting what one wants;"[2] this difference gives rise to a liberty interest worthy of due process protection.

The instant case involves – at most – only the possibility of parole. As such, the petitioner has no liberty interest at all because the Mississippi Court of Appeals has determined that the petitioner is not yet eligible for parole. This court is bound by a Mississippi court's interpretation of its own law. *Jackson v. Anderson*, 112 F.3d 823 (5th Cir. 1997). The Fifth Circuit has set forth the criteria for analyzing such cases:

> In any context where it is asserted that constitutional due process is required, the basic, threshold question is whether there is a "grievous loss" of either a liberty or property interest. If there is no such loss, then the second question of whether the particular challenged procedure comports with fundamental fairness is never reached. In short, we find that the denial of parole as distinguished from the revocation of parole . . . is not a "grievous loss," and we therefore do not consider whether the procedures of the parole board deny constitutional due process.

---

[2]*Greenholtz,* 442 U.S. at 9, 99 S.Ct. at 2105, citing Friendly, "Some Kind of Hearing," 123 U.Pa.L.Rev. 1267, 1296 (1975).

*Brown v. Lundgren,* 528 F.2d 1050 (5th Cir. 1976).

The instant case represents even less than a challenge to the denial of parole, as the petitioner has not yet been denied parole, he has only been told that he will not be eligible for parole until a later date. Such a decision does not rise to the level of a constitutional interest worthy of protection, and the instant case must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of July, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE